DANIEL G. BOGDEN
United States Attorney
District of Nevada

MARK E. WOOLF
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Email: *Mark.Woolf@usdoj.gov*

Attorneys for the United States.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14-cr-00271-JCM-PAL |
| Plaintiff, | **MOTION FOR JUDGMENT DEBTOR EXAMINATION** |
| v. | |
| LAWRENCE J. SEMENZA, II, | |
| Defendant. | |

The United States of America moves for an order requiring Defendant Lawrence J. Semenza, II ("Defendant") to appear before a United States Magistrate Judge at a time and place set by the Court for a judgment-debtor examination. This motion is based upon the attached memorandum of points and authorities, the attached Declaration, and the pleadings and papers on file herein.

Dated this 3rd day of October, 2016.

DANIEL G. BOGDEN
United States Attorney

*/s/ Mark E. Woolf*
MARK E. WOOLF
Assistant United States Attorney

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   BACKGROUND

On January 14, 2015, a criminal judgment was entered against Defendant for Failure to File a Tax Return in violation of 26 U.S.C. § 7203. The judgment is based on a plea agreement, wherein Defendant agreed to "pay restitution to the Internal Revenue Service [] in the total amount of $290,009.00 under 18 U.S.C. 3663(a)(3)." ECF No. 5 at 8:20-23. The figure did not include interest or penalties that may accrue, including interest under 18 U.S.C. § 3612(f). Defendant further agreed that "[b]efore or after sentencing, upon request by . . . the United States . . . the defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning his assets and his ability to pay." ECF No. 5 at 12:16-19. He also agreed to "release funds and property under his control in order to pay any . . . restitution ordered by the Court." *Id*. at 12:19-22.

II.   ARGUMENT

An order of restitution may, among other things, be enforced in accordance with 18 U.S.C. § 3664(m), which permits enforcement "in the manner provided for in . . . subchapter B of chapter 229 of this title[.]" Subchapter B of chapter 229 corresponds to 18 U.S.C. §§ 3611-3615, and section 3613 provides: "The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. §3613(a).[1] Subject to very few exceptions, a judgment enforcing restitution "may be enforced against all property or rights to property" of the person owing restitution. *Id*. An order of restitution "is a lien in favor of the United States on all property and rights to property of the person . . . as if the liability of the person . . . were a liability for a tax assessed under the Internal Revenue Code of 1986." 18 U.S.C. §§ 3613(c), (d).

Generally, enforcement under Federal law is pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001 *et seq*., which provides "the exclusive civil procedures for the United States to recover a judgment on a debt." 28 U.S.C. § 3001(a)(1); *see*

---

[1] Section 3613(a) refers to a sentence imposing a fine, but all provisions of section 3613 "are available to the United States for the enforcement of an order of restitution." 18 U.S.C. § 3613(f).

*also* 28 U.S.C. § 3002(3) ("Debt means – an amount that is owing to the United States on account of . . . restitution[.]"). In pursuing remedies under the FDCPA, the United States "may have discovery regarding the financial condition of the debtor in the manner in which discovery is authorized by the Federal Rules of Civil Procedure on a claim for a debt." 28 U.S.C. § 3015(a). 28 U.S.C. § 3015.

The Federal Rules also permit that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules[.]" Fed. R. Civ. P. 69(a)(2); *see also 1st Technology, LLC v. Rational Enterprises Ltda*, 2007 WL 5596692 (D. Nev.) *citing Fuddruckers, Inc. v. KCOB I, LLC*, 31 F.Supp.2d 1274, 1278 (D. Kan. 1998). As succinctly stated in *British Intern. Ins. Co., Ltd. v. Sequros La Republica, S.A.*, 200 F.R.D. 586 (W.D. Tex. 2000), "[t]he scope of post-judgment discovery is broad, 'the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.'" 200 F.R.D. at 588. Post-judgment discovery is critical in obtaining information relating to the "existence or transfer of the judgment debtor's assets," 200 F.R.D. at 589, and represents a "distinct phase of the litigation." *Danning v. Lavine*, 572 F.2d 1386, 1390 (9th Cir. 1978).

One of several available post-judgment discovery tools is a judgment-debtor examination. Fed. R. Civ. P. 69(a)(1). Under Nevada law, "[a] judgment creditor, at any time after the judgment is entered, is entitled to an order from the judge of the court requiring the judgment debtor to appear and answer upon oath or affirmation concerning his or her property[.]" NRS 21.270(1). The scope of the examination necessarily tracks the broad scope and focus of post-judgment discovery. The United States seeks an order requiring Defendant to appear for a judgment-debtor examination and answer questions, under oath, regarding the extent of his property, which includes, but is not limited to, "any present or future interest, whether legal or equitable, in real, personal (including choses in action), or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including

//

//

1 | community property and property held in trust (including spendthrift and pension trusts))[.]" 28
2 | U.S.C. § 3002(12).
3 | Dated this 3rd day of October, 2016.

                                                DANIEL G. BOGDEN
                                                United States Attorney

                                                /s/ Mark E. Woolf
                                                MARK E. WOOLF
                                                Assistant United States Attorney

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE J. SEMENZA, II,<br><br>Defendant. | CASE NO.: 2:14-CR-00271-JCM-PAL |

I, Mary Booker, declare pursuant to 28 U.S.C. § 1746 under penalty that the foregoing is true and correct.

1. I am a Legal Assistant in the Financial Litigation Unit for the United States Attorney's Office, District of Nevada. I have custody of the records in this office pertaining to this collection matter.

2. Judgment was entered, for the plaintiff against the defendant on January 14, 2015, for the sum of $290,084.00, together with interest thereon from the date of judgment and court costs.

3. Lawrence J. Semenza, II, resides within the jurisdiction of this Court.

4. The judgment has not been satisfied, vacated, reversed, or barred by the Statue of Limitations, and is one on which execution may properly issue.

5. The judgment remains unpaid.

Executed on: October 3, 2016

_____
MARY BOOKER
Legal Assistant, Financial Litigation Unit

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 2:14-cr-00271-JCM-PAL |
| v. | ) | **[PROPOSED] ORDER** |
| LAWRENCE J. SEMENZA, II, | ) | |
| Defendant. | ) | |

On the United States' motion, and good cause appearing,

**IT IS HEREBY ORDERED** that Defendant Lawrence J. Semenza, II, shall appear before the undersigned United States Magistrate Judge in Courtroom 3B, Lloyd D. George Federal Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, on the 29th day of November, 2016 at 9:00 a.m. to then and there answer upon oath concerning Defendant's property and for such other proceedings as there may occur consistent with proceeding supplementary to execution.

**IT IS FURTHER ORDERED** that Defendant shall bring the following to the hearing:

1. Three most recent federal income tax returns with their attachments;
2. Copies of all personal and business financial statements concerning checking and saving accounts for the past twelve months;
3. A copy of the titles to all vehicles, automobiles, boats, aircraft, and/or real property held by Defendant or Defendant's spouse;
4. Copies of all documents relating to the sale, conveyance, or transfer of any property, real or personal, valued in excess of $5,000.00 for both Defendant and Defendant's spouse

1

for the last 3 years;

5. A copy of all Trust Documents for all Trusts in which Defendant or Defendant's spouse is either a Trustee and/or a Beneficiary.

**IT IS FURTHER ORDERED** that a copy of this Order shall be served upon Defendant at least 14 calendar days before the hearing.

**IT IS FURTHER ORDERED** that failure to appear or otherwise comply with the requirements of this Order may subject Defendant to sanctions, including, but not included to, punishment for contempt of court.

Dated this 11th day of October, 2016.

_____
Peggy A. Leen
United States Magistrate Judge

2